FILED

March 7, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 2:45 PM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS TENNESSEE

| | | |
|---|---|---|
| JANET DOBBS, | ) | |
| Claimant, | ) | Docket No. 2015-08-0174 |
| | ) | |
| v. | ) | State File No. 41390-2015 |
| | ) | |
| DALE-COLE TRANSPORT, INC., | ) | Judge Jim Umsted |
| Respondent. | ) | |
| | ) | |

## ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the undersigned Workers' Compensation Judge on March 7, 2016, for a hearing on the Motion for Summary Judgment filed October 27, 2015, by the respondent, Dale-Cole Transport, Inc. (Dale-Cole). The Court conducted the hearing by telephone. Attorney Paul Peel represented Dale-Cole, and attorney Steve Taylor represented the claimant, Janet Dobbs. Based on the statements of counsel and the entire record, it appears to the Court that Dale-Cole's motion is well taken and should be granted.

Dale-Cole asserted in its motion and supporting affidavits that it was not subject to the provisions of the Tennessee Workers' Compensation Law, as it did not employ five or more employees on or before the date of Ms. Dobbs' alleged accident. The attorney for Ms. Dobbs stated that he was unable to refute this assertion.

Tennessee Code Annotated section 50-6-102(13) (2015), defines an "Employer" as "any individual, firm, association or corporation . . . using the services of not less than five (5) persons for pay." Tennessee Code Annotated section 50-6-106(5) (2015) provides "[T]his chapter shall not apply . . . [i]n cases where fewer than five (5) persons are regularly employed . . . ." Rule 56.04 of the Tennessee Rules of Civil Procedure provides the "judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

1

It is the determination of this Court that Dale-Cole regularly employed fewer than five persons and, accordingly, is entitled to a judgment as a matter of law.

IT IS, THEREFORE, ORDERED as follows:

1. The Court grants Dale-Cole's Motion for Summary Judgment.

2. Ms. Dobb's claim for benefits under the Tennessee Workers' Compensation Act is dismissed with prejudice to the refiling of the claim.

3. The Court taxes the $150.00 filing fee in this claim to Dale-Cole, and/or its workers' compensation carrier pursuant to Rule 0800-02-21-.07 of the Mediation and Hearing Rules of the Tennessee Bureau of Workers' Compensation, for which execution may issue as necessary. Dale-Cole or its carrier shall promptly remit the filing fee to the Clerk of the Court of Workers' Compensation Claims.

4. Unless an appeal of this order is filed with the Workers' Compensation Appeals Board or the Tennessee Supreme Court, this order shall become final in thirty days.

ISSUED AND FILED WITH THE COURT OF WORKERS' COMPENSATION CLAIMS ON THE 7th DAY OF MARCH, 2016.

Judge Jim Umsted

Right to Appeal:

Tennessee Law allows any party who disagrees with this Dismissal Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty days* of the date the Compensation Order was entered by the Workers' Compensation Judge. *See* Tenn. Comp. R. & Regs. 0800-02-22-.01(1)(b) (2015).

3. Serve a copy of the Request For Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for Review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3) (2015).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the 7th day of March, 2016.

| Name | Certified Mail | Via Fax | Via Email | Email Address |
|---|---|---|---|---|
| Steve Taylor, Employee's Attorney | | | X | staylor@tcmfirm.com |
| Paul C. Peel, Employer's Attorney | | | X | ppeel@farris-law.com |

Penny Patterson-Shrum, Clerk
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

4